UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIUS HARRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 17-cv-5117 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | Judge Thomas M. Durkin |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

On July 10, 2017, Petitioner Demetrius Harris filed a petition for relief under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the following reasons, Harris's petition, R. 1, is denied.

**Background**

On March 28, 2013, Harris was indicted with seven counts of possession with intent to distribute and distribution of heroin. *USA v. Harris*, 13 CR 181 (N.D. Ill), Dkt. 14. On April 2, 2013, the Government filed a notice that it intended to seek a higher sentence based on Harris's previous narcotics convictions under 21 U.S.C. § 851.[1] *Id.* at Dkt. 21. On November 21, 2013, Harris pled guilty to possessing and

---

[1] Section 851 provides the procedure for establishing a prior conviction that qualifies for a sentencing enhancement under 21 U.S.C. § 841(b). Section 841 provides that any person convicted under that section is subject to a mandatory minimum sentence of ten years imprisonment. It further provides for a mandatory minimum sentence of either twenty years or life imprisonment for any person convicted under § 841 who has either one or two (or more) prior "felony drug offense" convictions, respectively. "Felony drug offense" is defined at 21 U.S.C. § 802(44) as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to

distributing over 100 grams of heroin in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), Count Seven of the indictment. *Id.* at Dkt. 33. As part of his plea agreement, Harris agreed that he was subject to a sentencing enhancement pursuant to the Government's notice under Section 851. *Id.* Harris also agreed that he qualified as a career offender based on prior convictions. *Id.* at 7. During the sentencing on February 21, 2014, the Court found that Harris was a career offender under U.S.S.G. § 4B1.1 and that the maximum penalty applicable to his crime was life imprisonment. *Id.* at Dkt. 43. Harris's offense level and criminal history category meant that his guidelines range was 262 months to 327 months' imprisonment. The Court sentenced Harris to a below-guidelines sentence of 204 months. *Id.* at Dkt. 43, 44.

On February 26, 2014, Harris filed a Notice of Appeal. His counsel, however, found no appellate issues and filed a motion to withdraw. On January 5, 2015, the Seventh Circuit entered a final order granting counsel's motion and dismissed Harris's appeal. *Id.* at Dkt. 64.

On September 18, 2015, Harris filed a motion requesting a reduction in his sentence pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act of 1984,[2] 18 U.S.C. §

---

narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." Section 841 does not require that the previous violation carry a sentence of more than ten years, as Harris suggests. R. 1 at 5.

[2] Under the Armed Career Criminal Act of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

924(e)(2)(B)(ii), was void. Because Harris was not charged under that Act, however, the Court denied Harris's motion. *Harris*, Dkt. 72. Harris also argued that he was inappropriately sentenced as a career offender because his career offender status "was based on two very small drug cases and running from the police which was said to be violent." The Court construed Harris's request as a motion under 18 U.S.C. § 3582(c), asking the Court to reduce his sentence because of an amendment to the Guidelines, which lowered the base offense levels applicable to narcotics offenses (Amendment 782). *Id*. The Court held that because the maximum sentence Harris could receive was unaffected, and because Harris was a career offender under § 4B1.1, his adjusted offense level remained the same under the amendment and denied Harris's motion. Harris did not file any other appeals.

On July 10, 2017, Harris filed the present *pro se* § 2255 petition. R. 1. In the petition, Harris first argues he was sentenced as a career offender unlawfully. Second, he contends he was denied effective assistance of counsel. The Government argues Harris's petition is untimely, is procedurally defaulted, and fails on its merits. R. 5.

**Legal Standard**

Section 2255 provides that a criminal defendant is entitled to relief from his conviction and sentence if "the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral

3

attack." 28 U.S.C. § 2255(b). A court may deny a § 2255 motion without an evidentiary hearing if "the motion and the files and records of the case conclusively show" that the defendant is not entitled to relief. *Id.* Relief under § 2255 is available "only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Blake v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013).

## Analysis

### I. Timeliness

Petitions under 28 U.S.C. § 2255 are governed by a one-year statute of limitations. This one-year period runs from the latest of four specified events. 28 U.S.C. § 2255(f); *see also Nolan v. United States*, 358 F.3d 480, 483 (7th Cir. 2004) (discussing statute of limitations period under § 2255). Relevantly here, "the limitation period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Harris's appeal was dismissed on January 5, 2015. The clock on his Section 2255 claim started running ninety days later in April 2015, when the time to file a petition of certiorari expired. *Clay v. United States*, 537 U.S. 522, 525, 527 (2003) (where a defendant does not appeal to the Supreme Court, "a judgment of conviction becomes final when the [90-day period] expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction"). The statute of limitations on Harris's claim expired one year later, in April 2016. But

4

Harris did not file this petition until July 2017, over a year after the limitations period had expired. Harris's petition is thus untimely.³

Untimely petitions, however, can be saved by equitable tolling. *Boulb v. United States*, 818 F.3d 334, 339 (7th Cir. 2016). A Section 2255 petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 339-40 (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). But equitable tolling is "rare" and "reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing." *Id.* at 340. In determining whether to toll the limitations period, this Court must evaluate the petitioner's circumstances holistically, considering "the entire hand that the petitioner was dealt" rather than taking each fact in isolation. *Socha v. Boughton*, 763 F.3d 674, 686 (7th Cir. 2014). Equitable tolling is also a "highly fact-dependent area in which courts are expected to employ flexible standards on a case-by-case basis." *Id.* at 684.

---

³ Harris's petition is not saved by his motion under 18 U.S.C. § 3582. *See White v. United States,* 745 F.3d 834, 837 (7th Cir. 2014) (a sentence reduction under 18 U.S.C. § 3582(c) does not declare the original sentence invalid and does not reset the clock for purposes of Section 2255); *Murphy v. United States*, 634 F.3d 1303, 1308 (11th Cir. 2011) ("Section 3582 states that although a district court may 'modify' a 'sentence to imprisonment' under Rule 35(b), a 'judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes.'") (applying that reason to a petition under Section 2255). In these cases, the courts granted the defendants' request for a sentence reduction. The Court here did not grant Harris's petition, making the argument for resetting the limitations period even weaker. To the extent Harris intended his motion to be construed as a motion under Section 2255, his claim would be procedurally defaulted and would fail on the merits, as explained in the next section.

5

Harris argues that he is entitled to equitable tolling because he has been diligent in pursing his rights as evidenced by his filing of the notice of appeal. R. 8 at 2. He says that his "lack of representation coupled with his lack of knowledge and training in rules and procedures left him without any further steps in the appeal process." *Id*. But that argument applies to his criminal proceedings, not this petition. Harris offers no evidence or argument to suggest he was similarly diligent in filing *this* petition.

Even if the Court applies Harris's arguments to this petition, Harris has not demonstrated reasonable diligence. A lack of familiarity with the law does not justify equitable tolling. *Taylor v. Michael*, 724 F.3d 806, 811 (7th Cir. 2013). And Harris does not point to any other actions that would constitute reasonable diligence. Habeas petitioners show reasonable diligence by writing their attorneys "numerous letters seeking crucial information and providing direction"; "repeatedly contact[ing] the state courts, their clerks, and the Florida State Bar Association"; and preparing "[their] own habeas petition *pro se* and promptly fil[ing] [them] with the District Court" on the day they discover that the limitations period has expired. *Holland*, 560 U.S. at 65; *Socha*, 763 F.3d at 687-88. Harris does not describe any reason for his delay in filing his petition over a year late. Harris also fails to show any extraordinary circumstances justifying equitable tolling—he states that his circumstances mirror that of the circumstances in *Socha but* fails to provide any details. Harris has not met his burden to show that his late filing can be equitably tolled.

Although Harris's petition is time-barred, the Court will nevertheless address his claims.

## II. Harris's Claims

### A. Career Offender Status

Harris's first claim—that he was wrongfully sentenced as a career offender—also fails because it is procedurally defaulted. "A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal." *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016). Procedurally defaulted constitutional claims are not considered on collateral review unless the petitioner shows either (1) actual innocence or (2) cause and prejudice. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Harris makes no argument for actual innocence. The Court therefore restricts its analysis to the cause-and-prejudice standard. To excuse a procedural default for cause and prejudice, Harris must demonstrate both (1) good cause for his failure to raise the defaulted claim before collateral review and (2) actual prejudice stemming from the violations alleged in the defaulted claim. *Delatorre v. United States*, 847 F.3d 837, 843 (7th Cir. 2017).

To establish cause, Harris must show "some objective factor external to the defense" that impeded his ability to raise the issue. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991); *see also Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003). Harris argues that his lack of representation and his lack of knowledge and training in the courts prevented him from raising the issue. R. 8 at 2. Those circumstances are insufficient to demonstrate cause. *Veytia-Bravo v. United States*, 972 F.2d 352 (7th

Cir. 1992) ("[F]actors such as pro se status, lack of familiarity with legal procedures, limited education or illiteracy, and unfamiliarity with English do not constitute 'cause' for a procedural default."). Because Harris has provided no plausible "cause" for his failure to raise his career offender claim before collateral review, the Court declines to excuse the procedural default and address it further.[4]

## B. Ineffective Assistance of Counsel

Harris's second claim asserts that his counsel was ineffective with regard to his plea agreement. Specifically, Harris argues that his counsel told him that if Harris did not plead guilty, he would be sentenced under the Armed Career Criminal Act and face up to 30 years in prison. R. 1 at 5. Harris also states that his counsel told him that if he pled guilty, he would not receive more than 10 years in prison and a career criminal enhancement would not be sought at sentencing. R. 7 at 2.

To succeed on his ineffective assistance claim, Harris must show that his lawyer's representation fell below an objective standard of reasonableness, and that the deficient performance so prejudiced his defense that it deprived him of a fair trial. *Strickland v. Washington*, 466 U.S. 668 (1984), In the context of a guilty plea, Harris must show that but for counsel's deficient advice, he would have insisted on proceeding to trial. *Bethel v. United States*, 458 F.3d 711, 715 (7th Cir. 2006).

---

[4] As the Court explained in its motion denying Harris's Section 3582(c) request, Harris "is unquestioningly a career offender as he has been convicted of two felony controlled-substance offenses (delivery of .2 grams of heroin in 2000, 720 ILCS § 570/401(d), and delivery of 2 grams of crack cocaine in 2003, *id*. § 570/401(c)(2))." *Harris*, Dkt. 72 at 2 n.2.

8

Harris's allegations regarding his counsel's performance are conclusory. Harris offers two vague statements allegedly made by his counsel regarding his sentence. But Harris offers no other details to allow the Court to evaluate whether his counsel's representation fell below an objective standard of reasonableness, particularly because an inaccurate prediction of a sentence alone is not enough to fall below that standard. *Id.* at 717.

Harris's limited allegations are also implausible. Harris was subject to a minimum of ten years in prison based on the enhancement notice the Government filed under Section 851. In the plea agreement, Harris agreed that he understood that he was subject to that statutory mandatory minimum. *Harris*, Dkt. 33 at 4. At the change of plea hearing, the Government explained that the plea subjected him to a minimum term of imprisonment of ten years and a maximum term of imprisonment of life. *Id.* at Dkt. 54 at 15. When Harris indicated that he did not understand the mandatory minimum, the Court explained that the mandatory minimum meant that the Court "can sentence you to nothing less than ten years. I may sentence you to more; I may sentence you to ten years. But I cannot give you less than ten years in jail." *Id.* at 16. Harris then stated he understood. The Court asked him if there was any other part of the plea agreement that he did not understand; Harris said no. *Id.* After Harris expressed that he had no other choice but to plead, the Court explained to him that he had the right to go to trial:

> THE COURT: Well, you have—you always have a choice in these cases. It's not necessarily a good choice or a good option. You always have a right to go to trial. And I made clear to you that, and I'm making clear to you again. . . . But you also have a right to not plead guilty today and

9

> go to trial. If you go to trial and you're found guilty, these numbers will be there anyway.
>
> THE DEFENDANT: I know.
>
> * * *
>
> THE COURT: So there is some benefit in these numbers to pleading guilty, but you have a choice. If you believe you have no choice but to plead guilty, then I want to disabuse you of that. You have every choice if you choose to go to trial. But the case doesn't go away. It's just a matter of a trial versus a guilty plea.
>
> THE DEFENDANT: I know.
>
> THE COURT: Do you understand all that?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Is it still your wish to plead guilty today?
>
> THE DEFENDANT: Yes.

*Id.* at 19-21. The Court then asked Harris again if he understood that though the Court would give a sentence based on the advisory guidelines, the sentence would be no less than ten years. *Id.* at 22. Harris stated he understood. *Id.* Harris also stated that no promises had been made to him regarding the length of the sentence. *Id.* at 25.

This record does not suggest that Harris's counsel had induced him into pleading or that his counsel had convinced him he would receive some other sentence. Harris's allegations regarding the Armed Career Criminal Act are implausible for similar reasons—setting aside the fact that the Act did not apply to Harris, the

Section 851 enhancement carried a maximum sentence of life imprisonment, beyond the 30 years his counsel allegedly warned him about.[5]

In any event, even if Harris's counsel provided deficient advice, Harris does not show prejudice from that advice. To establish ineffective assistance, Harris must show that there is a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Lee v. United States*, 137 S. Ct. 1958, 1965 (2017).

Harris points to the *Lee* case to argue that were it not for his counsel's advice, he would have gone to trial. In *Lee*, the defendant—a lawful permanent resident— "adequately demonstrated a reasonable probability that he would have rejected" a plea for a drug offense "had he known that it would lead to mandatory deportation." *Id*. at 1962, 1967. Deportation was the determinative issue in Lee's plea decision. *Id*. at 1967. Lee repeatedly asked his attorney whether he faced a risk of deportation, and both Lee and his attorney later testified that he would have gone to trial but for counsel failing to apprise him of the immigration consequences of his plea. *Id*. at 1967-68. During the plea colloquy, Lee was confused about the immigration consequences of pleading guilty and only proceeded with the plea after being assured by counsel that the judge's admonition that a conviction could result in deportation was a "standard warning." *Id*. at 1968. The Court explained that because the benefits

---

[5] To the extent Harris argues his counsel was ineffective for not challenging the Section 851 enhancement, that argument fails as well. The record is clear that Harris was eligible for the enhancement based on his prior convictions, *Harris*, Dkt. 33, and any challenge to those convictions is not appropriate in this petition. *Daniels v. United States*, 532 U.S. 374, 382 (2001).

11

of avoiding deportation far outweighed the burdens of "a year or two more of prison time" by risking a trial, that Lee would not have accepted a plea had he been properly informed was "backed by substantial and uncontroverted evidence." *Id*. at 1969.

Harris has pointed to no similar "substantial and uncontroverted evidence" that he would have gone to trial, but for his counsel's advice. Instead, after Harris learned the truth about the mandatory minimum, he still chose to plead. The Court informed Harris several times that he would receive a sentence of no less than ten years, and potentially a sentence of up to life imprisonment. Under oath, Harris stated that he understood this and still wanted to plead guilty. In doing so, he affirmed that he understood the sentencing ramifications of his guilty plea, which contradicted his counsel's alleged statements. As the *Lee* Court instructed, the Court will not "upset a plea solely because of post hoc assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Id*. at 1966-67. Harris's ineffective assistance of counsel claim fails.

## IV. Certificate of Appealability

Lastly, the Court declines to issue a certificate of appealability under Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. To obtain a certificate of appealability, Harris must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve

encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Harris has not made a substantial showing that reasonable jurists could debate whether his motion should have been resolved in a different manner.

## Conclusion

For the foregoing reasons, Harris's § 2255 motion is denied. R. 1.

ENTERED:

*Thomas M Durkin*
_____
Honorable Thomas M. Durkin
United States District Judge

Dated: November 16, 2018